UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 81-0306 (PLF) |
| | ) |
| JOHN W. HINCKLEY, JR. | ) |

## MEMORANDUM OPINION AND ORDER

On September 19, 20, 21 and 27, the parties came before the Court for a hearing on John W. Hinckley, Jr.'s motion pursuant to D.C. Code §24-501(k) and St. Elizabeths Hospital's petition pursuant to D.C. Code §24-501(e) . At the conclusion of the hearing, counsel for St. Elizabeths Hospital seemed to embrace the "Phase III" change-of-venue approach expanding privileges in further and longer outings by Mr. Hinckley with his parents, as articulated by Dr. Robert Phillips, as the one best reflecting the Hospital's proposal, but to reject the "Phase IV" transitional approach at this time.[1] That having been explained, the Court requires further clarification from St. Elizabeths Hospital beyond what is stated in its August 2, 2005 petition as to how it proposes to implement this "Phase III" plan or any Court order incorporating certain aspects of the Hospital's, or Mr. Hinckley's

---

[1] Representing St. Elizabeths Hospital, Tanya Robinson, Chief of the Mental Health Section, D.C. Office of the Attorney General informed the Court on September 27, 2005 that "[i]t is premature to believe that those next [proposed] visits, as they have been called phase three here, are meant to be a transition plan. They are not meant to be a transition plan, because it is too soon to know whether or not, of course, Mr. Hinckley's parents are appropriate, or even if their home is appropriate for him reasonably or even therapeutically. There's no evidence upon which the clinicians can make that determination at this point. That is why they have proposed these particular visits." Transcript of Evidentiary Hearing, September 27, 2005 at 16-17.

proposals.  Accordingly it is hereby ORDERED that on or before October 14, 2005 the Hospital shall supplement its Section 501(e) petition by providing the following additional information in writing to the Court and counsel:

    1.    Identify additional detail about the specific therapeutic goals intended for each proposed outing or series of outings.  Identify the practical goals and means by which the therapeutic goals will be accomplished, <u>e.g.</u>, if a therapeutic goal is for Mr. Hinckley to become acclimated to his parents' community, a practical goal may be for him to walk unaccompanied on the grounds.  In addition to identifying the therapeutic and practical goals, the Hospital shall provide the Court with a description of how this practical goal will be accomplished, <u>e.g.</u>, Mr. Hinckley will have a period of time each day of the visit to walk unaccompanied for a specified amount of time in a specified area of his parents' community.[2]

    2.    Provide a written agreement or understanding between Dr. John J. Lee, M.D., a psychiatrist in the area near his parents' community, and the Hospital concerning what services Dr. Lee will be providing during each proposed outing to Mr. Hinckleys' parents' community and what role Dr. Lee will have during these outings.[3]  The Court requires a more exact understanding of Dr. Lee's willingness, availability and role in Mr. Hinckley's overall treatment scheme.

    3.    Since the venue of the proposed Phase III outings and their goals are different from those in the already successfully completed Phase I and II outings permitted by

---

[2] The Court neither endorses nor rejects the above example, but provides it merely as an example of the details of the relationship between therapeutic goals, practical goals and practical means to accomplish those goals that are necessary for the Court to assess properly the Hospital's and Mr. Hinckley's proposals.

[3] Dr. Lee's role has been variously described or proposed as a current and/or future "safety net," transitional figure, therapist, medication manager or treating psychiatrist.

the Court, provide updated, revised forms regarding the protocol for each visit, i.e., "Agreement to Assume Supervisory Responsibility for Patient while on Limited Conditional Release," "Media Plan," "Relapse Prevention Plan Feedback From Responsible Person Supervising Patient While On Conditional Release," "Relapse Prevention Plan Feedback From Patient While On Conditional Release," as well as any newly created forms, agreements or plans devised by the Hospital in preparation for the proposed outings to Mr. Hinckleys' parents' community.

   SO ORDERED.

                _____\\s\\_____
                PAUL L. FRIEDMAN
                United States District Judge

DATE: September 29, 2005