UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )   Criminal No. 81-0306 (PLF)
          v.                        )
                                    )
JOHN W. HINCKLEY, JR.               )
                                    )
_____)

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on the government's request to modify John W. Hinckley, Jr.'s conditions of release set forth in this Court's December 30, 2005 Order. Upon consideration of the request, Mr. Hinckley's opposition, the government's reply, the statement of position by St. Elizabeths Hospital, and the entire record in this case, the Court will modify the conditions of release to reflect Mrs. Hinckley's role as the sole custodian for her son during the current Phase III visits, but will not amend it in any other way.

I. BACKGROUND

       Pursuant to this Court's December 30, 2005 Opinion and Order, Mr. Hinckley was permitted seven conditional release visits to his parents' home: three visits of three nights' duration and four visits of four nights' duration, all of which were subject to multiple conditions. After Mr. Hinckley completed six of these seven visits, on August 1, 2006 he requested that he be allowed additional four night visits of no specific number in the same format and under the same conditions as those permitted by this Court's December 30, 2005 Opinion and Order. The government opposed the request. The Court heard brief oral argument on this motion during a

conference call with counsel on August 11, 2006. On August 18, 2006, the Court issued an Order rejecting the government's argument, and granting Mr. Hinckley's request based on its determination that he did not present a danger to himself or others if permitted to make visits to his parents' home under the conditions set forth in the Order accompanying the December 30, 2005 Opinion. The Court set a hearing on an anticipated new petition, to begin on November 6, 2006.

On September 11, 2006, Mr. Hinckley submitted a notice to the Court indicating that the Hospital was in the process of preparing a petition for expanded conditions of release that would not be ready in time for the November hearing date. For that reason, Mr. Hinckley proposed postponing that hearing until such time as the Hospital's proposal was ready. The government opposed such a postponement, arguing that an additional hearing was needed in view of certain information and changes in the conditions of the Hinckley household that had occured in the interim. At a status conference on this issue held on October 23, 2006, the government pointed specifically to a number of concerns, including the health of Mr. Hinckley's parents, and their ongoing ability to serve as his custodians. At that time, the government was awaiting the report of its expert, Dr. Robert Phillips. On October 31, 2006, Dr. Phillips' report -- addressing the continuation of Mr. Hinckley's conditional release in view of the changes in the health of his parents, presently serving as the responsible parties under the terms of the December 30, 2005 Order -- was submitted under seal and *in camera* for review by this Court, and was provided to Mr. Hinckley and to the Hospital.

Based on Dr. Phillips' report, the government in a November 3, 2006 notice to the Court requested that the Court modify conditions in the December 30, 2005 based on the record

before it to (1) formalize the existing practice established by the Hospital removing Mr. Hinckley, Sr. as a responsible party for his son, (2) add a condition requiring that at least one of Mr. Hinckley's siblings be present at each visit to provide feedback to the Hospital and assist Mrs. Hinckley, as needed (although not to act as responsible parties themselves), and (3) permit the government's experts to continue to assess Mr. Hinckley's conditions of release on an ongoing basis through February 2007, regardless of whether the anticipated petitions are filed by Mr. Hinckley and/or the Hospital at that time.

## II.  DISCUSSION

The Court agrees with the parties that, in view of Mr. Hinckley, Sr.'s declining health, and the fact that he is no longer capable of acting as a responsible party for his son, this Court's Order should be changed to reflect the practice of the Hospital since September 2006 that Mrs. Hinckley should act as the sole custodian for Mr. Hinckley, Jr.  The Court does not, however, see the need to *require* the participation of Mr. Hinckley's siblings during the visits to his parents' home under the conditions set by the December 30, 2005 Order.  The Hospital and Dr. Philips are in agreement that Mrs. Hinckley is perfectly adequate as the sole responsible party for her son.  There is no suggestion that Mr. Hinckley would relapse or face a relapse in so short a time period that the involvement of his siblings is a necessity.[1]

---

[1] At the previous hearing on this issue, the experts agreed, and the Court made a finding of fact that:

> Were Mr. Hinckley to experience a relapse of his Axis I disorders, that relapse would not occur suddenly, but rather would occur gradually over a period of at least weeks or months. A relapse would not occur during the course of the conditional releases proposed by the Hospital.

In addition, the Hospital opposes the mandatory involvement of Mr. Hinckley's siblings not only as unnecessary, but also as potentially detrimental to the therapeutic goal of Mr. Hinckley adjusting to the environment of his parents' home. The Hospital reasons that the requirement of having Mr. Hinckley's siblings at every visit could hinder his ability to adjust by introducing the artificial element of siblings who do not live there. To that concern, the Court would add its concerns that Mr. Hinckley's siblings do not live close to their parents, that their participation in these visits is contigent upon their own ability to rearrange their schedules and travel to their parents' home, and that undue pressure on them to participate in the visits could possibly create unnecessary stressors in their relationship with their brother.

Although it is clearly important that the Hospital receive feedback that is reliable and as objective as possible, Mrs. Hinckley's ability to provide this feedback has never been brought into question to such a degree that her son's visits should be conditioned upon the feedback of others. Rather, Mrs. Hinckley must remain vigilant, and the Hospital must take steps to ensure that it receives timely and constructive feedback from the one other person who has contact with Mr. Hinckley during each of his visits -- Dr. John L. Lee. Under the conditions of the December 30, 2005 Order, Dr. Lee is already required to report to the Hospital after every visit on his meeting with Mr. Hinckley. The Court expects that those reports, along with the reports of Mrs. Hinckley, and the extensive debriefing that occurs after each visit will more than suffice to provide the Hospital with the feedback that is required. While the involvement of one or more siblings in recent visits has been a welcome addition, both as a means of bringing Mr.

---

United States v. Hinckley, 407 F.Supp. 2d 248, 264 (D.D.C. 2005).

Hinckley closer to his extended family and in assisting Mrs. Hinckley with certain practical aspects of the visits such as driving, requiring such involvement is not necessary to ensuring the safety of Mr. Hinckley and the public.  To the extent that Mr. Hinckley's siblings choose to continue to be involved in these visits (as non-custodians), the Court will formalize their participation in providing the Hospital with feedback about that visit.

The government also requests that its experts continue to examine Mr. Hinckley, and report to the Court at the end of February 2007, regardless of whether Mr. Hinckley and the Hospital file petitions for expanded conditions of release, as currently anticipated.  The Court does not see the need to rule on this request at this time.  Because the parties are all in agreement that such a hearing is anticipated, the Court assumes that Mr. Hinckley will participate in any examinations that are requested, as he has in the past, in the time before the hearing.  If, for any reason, the anticipated spring 2007 hearing does not take place, the Court will consider any motions of the government to address interim conditions, just as it has in this instance.

Accordingly, it is hereby

ORDERED that Mr. Hinckley is permitted additional visits, of no specific number, to continue under the conditions and strictures enumerated in the Order to issue this same day.  These visits may continue until such time as the Court rules on Mr. Hinckley's and/or St. Elizabeths Hospital's next petition for enlargement of the terms of his conditional release, anticipated in February 2007, or until further order of the Court;  and it is

FURTHER ORDERED that the parties shall meet to discuss future hearing dates on the anticipated February 2007 petitions for enlargement in the terms of Mr. Hinckley's conditional release, and shall submit to the Court on or before December 1, 2006 those dates that

they propose for a hearing on those petitions.  The Court is currently available during the weeks of March 12, 19, and 26, or during any week in April.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 21, 2006