UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )        Criminal No. 81-0306 (PLF)
                                        )
JOHN W. HINCKLEY, JR.                   )
                                        )
_____)


<u>ORDER</u>

        For the reasons stated in the Opinion issued on December 30, 2005, and in the

Memorandum Opinion issued this same day, it is hereby

        ORDERED that the Court will permit (subject to successful conclusion of each)

an indefinite number of (Phase III) visits to Mr. Hinckley's parents' home outside the

Washington, D.C. area for four nights, subject to the following conditions:

        1.      Mr. Hinckley is being allowed a limited conditional release under

                the supervision of his mother.  He is not permitted to leave his

                mother's supervision at any time during the course of the

                conditional release except where the Hospital's plan for his

                acclimation to his parents' community provides for time spent

                away from his mother's supervision.[1]  The time to be spent outside

                her supervision will be of limited duration, never to exceed more

_____

        [1]     Within the confines of the Hinckleys' home, Mr. Hinckley will be considered to
be under his mother's supervision so long as she is in the home with him at all times. They need
not always be in the same room.

than ninety (90) minutes and within a finite geographic area, to be determined by the Hospital.

2.   Mr. Hinckley will be allowed an indefinite number of visits to his parents' home outside the metropolitan Washington D.C. area with the purpose of acclimating him to his parents' community and permitting him to engage in the Phase III activities discussed in the December 30, 2005 Opinion, each visit of a duration of four nights, or 100 hours.  The success of each visit will be thoroughly assessed by the Hospital before a subsequent visit is permitted.

3.   Itineraries will be developed by the Hospital and submitted, under seal, to the Court.  Those itineraries also will be provided to defense counsel and to counsel for the government.  If the Hospital deems it necessary, it can create and submit an individual itinerary for each visit, or the Hospital may submit a single, more generalized itinerary for every two visits.  Each itinerary shall be submitted two weeks prior to the visit or visits to which it pertains.  In particular, the itinerary should include the details as to the time and place that Mr. Hinckley is to spend outside the supervision of his mother.  During any time that Mr. Hinckley spends out of the supervision of his mother, he is required to carry a cell phone, to be provided by his mother.  However often the frequency of itineraries, they must include specific details regarding the time

2

that Mr. Hinckley will spend out of the presence of his mother on each visit to his parents' home.

4.    Mrs. Hinckley will sign and agree to the "Agreement to Assume Supervisory Responsibility for Patient while on Conditional Release."

5.    Mr. Hinckley and his mother will maintain telephone contact with the Hospital at least once a day during each visit.

6.    Mr. Hinckley will meet with Dr. John J. Lee, a psychiatrist in the area near his parents' community, at least once during each visit. The appointment times will be determined and agreed upon in advance and included in the itinerary submitted by the Hospital to the Court.  Dr. Lee will submit a report to the Hospital after each appointment and communicate orally with Mr. Hinckley's treatment team, as needed, regarding their sessions.  If for any reason outside the control of Mr. Hinckley, his mother, or Dr. Lee, one of these appointments must be cancelled during a particular visit and cannot be rescheduled during the same visit, the Hospital will notify the Court of the reasons for the cancellation in its written report submitted to the Court following each visit (pursuant to Paragraph 16 of this Order).  Every effort will be made to reschedule a missed appointment during the same visit.  Any

refusal by Mr. Hinckley to meet with Dr. Lee would constitute a violation of his conditions of release.

7.   St. Elizabeths Hospital remains Mr. Hinckley's residence and the treatment team remain his treating physicians.

8.   If there are any signs of decompensation or deterioration in Mr. Hinckley's mental condition, no matter how slight, of danger to himself or others, or of elopement, Mr. Hinckley will immediately be returned to the Hospital.

9.   Mr. Hinckley will be permitted to use the Internet in his parents' home only under the constant supervision of his mother or with the use of technology or technologies that can both track his Internet use and restrict it to the use of certain sites, such as ones that provide online courses.  The use of the Internet, what sites will be visited, and what goals will be met through that use will be determined in advance and provided in the Hospitals' itinerary.  If Mr. Hinckley's Internet use is monitored through the use of a tracking and restrictive technology, the Hospital treatment team must review his usage after every visit to determine that it is in compliance with the itinerary and his treatment plan.  Any deviation from this usage will be considered a violation of Mr. Hinckley's conditions of release.

4

10.     Mr. Hinckley and his mother will sign and agree to adhere to the

"Media Plan To Be Utilized for Patient While On Conditional

Release" which provides that any effort to contact the media, either

by Mr. Hinckley or by his mother, in person or by any other means

while Mr. Hinckley is on conditional release, will constitute a

violation of this conditional release.  Mr. Hinckley's siblings will

sign and agree to adhere to the same Media Plan.  If approached by

the media, Mr. Hinckley and members of his family will decline to

speak with them, and if the media persists, the Mr. Hinckley and

the members of his family will withdraw.

11.     If there are any negative incidents regarding the public or the

media, Mrs. Hinckley will immediately return to her residence and

call the Nursing Supervisor's Office at the Hospital.  If so directed,

they will return to the Hospital.

12.     Mr. Hinckley will not be allowed any contact with Leslie DeVeau,

either in person or by telephone, during the course of the

conditional release.  Any contact with Ms. DeVeau will be

considered a violation of Mr. Hinckley's conditional release, and

Mr. Hinckley will be returned immediately to the Hospital.

13.     Mr. Hinckley will continue to receive psychotropic medication

during these activities, and any failure to self-medicate will be a

violation of the conditional release and Mr. Hinckley will be returned immediately to the Hospital.

14.     After each visit, Mr. Hinckley's mother will provide the Hospital with a completed "Individualized Relapse Prevention Plan Feedback From Responsible Person Supervising Patient While On Conditional Release" form.  If either or both of  Mr. Hinckley's siblings is present for a visit, that sibling or those siblings shall individually complete a "Individualized Relapse Prevention Plan Feedback From Responsible Person Supervising Patient While On Conditional Release" form, and return it to the Hospital (the form can be faxed or otherwise transmitted to the Hospital if the sibling is not present when Mr. Hinckley is returned to the Hospital after the visit).

15.     Mr. Hinckley will fill out the "Individualized Relapse Prevention Plan Feedback From Patient While On Conditional Release" form within two hours of returning to the Hospital after each visit.

16.     The treatment team will interview Mr. Hinckley and his mother after each visit.  If either or both of  Mr. Hinckley's siblings is present for a visit, that sibling or those siblings will be interviewed, either in person or by phone after the visit.  The Hospital will write a detailed report following each visit and submit that report under seal to the Court.  That report will be provided to both counsel for

6

the defense and counsel for the government.  The Hospital will

continue to submit a report after each visit even if it does not

submit a detailed itinerary prior to each visit, as discussed

in Paragraph 3 of this Order.

17.     Mr. Hinckley and his mother will stay at the Hinckleys' residence,

and Mr. Hinckley will not be permitted to leave unless

accompanied by his mother or unless his time spent alone is part of

the therapeutic plan devised by the Hospital prior to the visit and

submitted to the Court in accordance with Paragraphs 1 and 3 of

this Order.  Mr. Hinckley will not be permitted to leave his

mother's supervision except under the conditions stated.  Any

attempt to do so would constitute a violation of his conditions of

release.

18.     Should Mr. Hinckley fail to adhere to any of the conditions of

release imposed on him by this Order, this conditional release will

be terminated immediately.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 21, 2006

7