UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| _____ ) | | |
| ) | | |
| UNITED STATES OF AMERICA ) | | |
| ) | | |
| v. ) | Criminal No. 81-0306 (PLF) | |
| ) | [UNDER SEAL] | |
| JOHN W. HINCKLEY, JR. ) | | |
| ) | | |
| _____) | | |

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Mr. Hinckley's oral motion to exclude the testimony of a certain government witness.  At the Court's request, the parties filed briefs under seal arguing the merits of Mr. Hinckley's request.  Upon careful consideration of the filings of the parties and the relevant case law, including the recent decision of the United States Supreme Court in Perry v. New Hampshire, No. 10-8974 (Jan. 11, 2012), the Court concludes that Mr. Hinckley's motion to exclude the testimony should be denied and, further, that no evidentiary hearing is required in order to make this determination.

      As the parties explained in their briefs, the initial eyewitness identification made by the witness was not the result of any identification procedure organized by police or law enforcement officers.  As the Supreme Court has made clear in the past and underscored in its decision earlier this week, there is no basis to suppress the eyewitness identification of a witness, even if the identification was made under arguably suggestive circumstances, so long as there was no police conduct in arranging the identification.  Perry v. New Hampshire, No. 10-8974, slip op. at 10-14.  Furthermore, as the Supreme Court also held in Perry, the Due Process Clause

does not require a preliminary assessment by a court of the reliability of an eyewitness identification if the identification procedure was not arranged by the police. Id. at 2, 15-18. In light of Perry, the argument of Mr. Hinckley's counsel that "state action" was involved in this case because of the government's opening statement at the hearing before this Court is unconvincing. That having been said, the showing of confirmatory photographs to the witness by the Secret Service was permissible in the circumstances. See United States v. Brown, 471 F.3d 802, 805 (7th Cir. 2006); State v. Payne, 199 P.3d 123, 136-38 (Idaho 2008).

      Counsel for Mr. Hinckley raise facts and circumstances that suggest that the witness' identification nevertheless may not be reliable or that his proffered testimony should not be credited. The Supreme Court has said, however, that, in the absence of a due process violation, there is no need for a preliminary assessment of reliability or credibility. See Perry v. New Hampshire, No. 10-8974, slip op. at 2, 15-18. Particularly in a case like this where the judge, not a jury, is the finder of fact, the Court can determine later whether the witness' testimony is reliable and should be credited, and, if contradicted by other credible evidence, where the truth lies. On the other hand, if credible and reliable, the testimony of this witness would be quite relevant, and the Court finds that any danger of unfair prejudice does not substantially outweigh the probative value of such evidence. FED. R. EVID. 403. For these reasons, it is hereby

      ORDERED that Mr. Hinckley's oral motion to exclude the testimony of a certain government witness is DENIED; it is

      FURTHER ORDERED that Mr. Hinckley's request for an evidentiary hearing on this issue is DENIED; and it is

FURTHER ORDERED that the date previously scheduled for a hearing on this issue, January 18, 2012, is VACATED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 13, 2012