UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )     Criminal No. 81-0306 (PLF)
                                    )
JOHN W. HINCKLEY, JR.               )
                                    )
_____)

MEMORANDUM OPINION AND ORDER

       Beginning on November 30, 2011, the Court commenced an evidentiary hearing with respect to St. Elizabeths Hospital's petition to expand privileges for the patient, John W. Hinckley, Jr., to include two periods of seventeen days away from the Hospital at his mother's home and community in Virginia, followed (if successful) by six periods of twenty-four days away from the Hospital in the area, followed thereafter (if successful, and upon an assessment by Mr. Hinckley's treatment providers) by conditional release from the Hospital to reside on convalescent leave with his mother, with psychiatric and therapeutic services to be provided by professionals in the area of her home, rather than by St. Elizabeths Hospital.  An important component of the Hospital's proposal for these expanded privileges was Mr. Hinckley's anticipated participation several days a week in therapeutic group activities at Colonial Behavioral Health, People's Place.  For a variety of reasons, the hearing lasted longer than originally planned — a total of thirteen days — and, because of the various schedules of counsel and witnesses, it continued intermittently until its conclusion on February 9, 2012.

On August 8, 2012, the Hospital notified the Court in writing that Colonial Behavioral Health, People's Place, "has expressed their desire to withdraw their participation in Mr. Hinckley's future treatment." The Hospital advised the Court that it was investigating "other therapeutic options for Mr. Hinckley's care in the community," and promised to inform the Court of its "proposed plan for alternative therapeutic activities in the coming days." No such proposed plan has been submitted.

On August 17, 2012, the United States filed a motion to deny expansion of Mr. Hinckley's conditional release privileges. It stated that a "core feature" of the Hospital's release plan was the patient's participation in social groups operated by Colonial Behavioral Health and that this "central component" of the Hospital's recommendation for conditional release is no longer applicable. The government stated, correctly, that both government experts, as well as the Hospital and Mr. Hinckley's expert, had relied on Colonial Behavioral Health's involvement in Mr. Hinckley's treatment when forming their opinions with respect to an expansion of his conditional release. The government further suggested that the Hospital will now need to "begin anew" to develop a new plan to support the expansion of Mr. Hinckley's current conditional release privileges. It stated that if and when such a new plan is developed and submitted to the Court, the government would need time for its experts to evaluate the plan and to be heard in a further conditional release hearing. No response has been filed to the government's motion either by Mr. Hinckley, through his lawyers, or by the Hospital, and the Court granted an unopposed motion to extend the time for the filing of such responses until October 30, 2012.

In the meantime, long-time counsel for Mr. Hinckley, Barry W. Levine, and his colleagues from the firm of Dickstein Shapiro LLP, have filed a motion seeking to withdraw as counsel. They note that the hearings and proceedings in this matter have been extremely expensive for the Hinckley family, even at the reduced rates that counsel has charged the family. Counsel states that there are significant outstanding legal bills in arrears and that the family has advised counsel that it will not provide future funding for attorneys' fees and expenses or related experts in this matter. Therefore, Dickstein and its lawyers seek to withdraw as counsel for Mr. Hinckley and state that Mr. Hinckley (and presumably his family members) has been advised of his options with respect to obtaining new counsel. Finally, Dickstein's motion states that counsel's withdrawal "will not unduly delay the case or materially prejudice Mr. Hinckley."

The Court concludes that to grant counsel's motion to withdraw at the present time would unfairly prejudice Mr. Hinckley and would not be in the interests of justice. See Local Civil Rule 83.6(d) and Local Criminal Rule 44.5(d). Counsel for Mr. Hinckley, counsel for the government, and counsel for the Hospital have all devoted a substantial amount of time and effort to litigating the Hospital's pending petition for an expansion of Mr. Hinckley's conditional release privileges, a proposal in which Mr. Hinckley has joined. They are most familiar with the filings in this matter, including the voluminous expert reports, with the other relevant documents, and with the extensive testimony to date. Until the Court resolves the pending petition, it would be prejudicial to Mr. Hinckley to permit counsel to withdraw, and it would not be in the interests of justice to do so.

At this point, the ball is in the Hospital's court. It can either withdraw its pending proposal and submit an entirely new plan, in which case the Court would consider a request from

Dickstein to withdraw and begin to consider the entirely new plan with new counsel representing Mr. Hinckley. Alternatively, the Hospital could proceed with its original petition but modify it to provide an alternative or alternatives to Colonial Behavioral Health, People's Place, in which case supplemental filings, including supplemental expert reports, would be required. A brief supplemental evidentiary hearing might also be necessary. Should the Hospital choose the second course, the United States could either withdraw its motion to deny expansion of privileges or seek a ruling on the motion in advance of any evidentiary hearing. In either case, the pending proceeding is still open, and it would prejudice Mr. Hinckley to permit counsel to withdraw until this proceeding is concluded.

Regardless of which route it chooses, the Hospital is admonished that it must provide much more detail about the provider or providers in Virginia who will stand in the shoes of Colonial Behavioral Health, People's Place, and many more specifics about what these providers' roles will be and what services they will provide. Exchanges of letters and/or written commitments or agreements and/or affidavits are recommended. The Hospital is now on notice that the lack of specificity it provided about Colonial Behavioral Health, People's Place, earlier in these proceedings was a significant concern to the United States and its experts, as well as to the Court. In view of the foregoing, it is hereby

ORDERED that the motion to withdraw as counsel [Docket No. 388] is DENIED without prejudice; and it is

FURTHER ORDERED that St. Elizabeths Hospital, on or before October 19, 2012, shall notify the Court, counsel for Mr. Hinckley, and the United States in writing of how it intends to proceed in this matter. If the Hospital intends to proceed with its pending petition, it should suggest a date by which modifications to that proposal will be submitted to the Court. If the Hospital intends to submit a new proposal, it should withdraw its pending petition and suggest a date by which its new petition will be submitted.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  September 19, 2012                United States District Judge