UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
                                )
UNITED STATES OF AMERICA        )
                                )
       v.                       )   Criminal No. 81-0306 (PLF)
                                )
JOHN W. HINCKLEY, JR.           )
                                )
_____ )

ORDER

For the reasons stated in the Opinion issued on December 20, 2013, it is hereby,

ORDERED that the Court will permit the following:

1. Mr. Hinckley will be allowed conditional releases of 17 days each month to his mother's home outside the metropolitan Washington D.C. area with the purpose of acclimating him to his mother's community and permitting him to engage in activities discussed in the December 20, 2013 Opinion. The success of each visit will be thoroughly assessed by the Hospital before a subsequent visit is permitted. If Mr. Hinckley successfully completes eight 17-day visits, the court would consider a further (e) letter from the Hospital.

2. Mr. Hinckley will be permitted to drive unaccompanied while in Williamsburg as long as he is using the vehicle to travel to destinations where people will be expecting him, such as to

mental health treatment appointments, approved volunteer and employment activities, as well as to any specific social or educational activities arranged by him and Mr. Weiss.

3. During each day of the 17-day visits, Mr. Hinckley will be permitted up to six unsupervised outings lasting up to 4 hours each outside his mother's housing subdivision, for social, recreational, shopping, and dining activities, or for the purpose of securing other related activities, between 9:00 a.m. and 9:00 p.m.

4. During these unaccompanied outings, Mr. Hinckley will avoid traveling to government centers in Richmond or to areas where the President or members of Congress may be visiting.

5. Mr. Hinckley will be allowed to volunteer at Eastern State Hospital for up to five days a week, depending on the availability of suitable work activities and will be allowed to engage in other work with hospital approval.

6. The Hospital agrees to notify the Court and counsel for the parties if Mr. Hinckley engages in new volunteer activities or employment, with a description of the duties and duty hours.

7. Mr. Hinckley will be allowed two 120 minute unaccompanied walks, daily within his mother's subdivision between the hours of 8:00 a.m. to 5:00 p.m. standard time and 8:00 a.m. to

9:00 p.m. daylight savings time.

8. The Court will continue to require detailed itineraries to be provided by the Hospital in advance for at least the first four 17-day visits.  Should these itineraries (prepared by Mr. Hinckley, Mr. Hyde, and Mr. Weiss) contain the kinds of social and other interactive activities that show progress, the Court will consider a motion from the Hospital or Mr. Hinckley to modify the requirement of detailed itineraries, submitted, under seal, to the Court and to counsel for the parties.

9. Mr. Hinckley will continue to complete a daily log of his activities while in Williamsburg.

10. Mr. Hinckley may be driven between Washington, D.C. and Williamsburg by a professional driver without his mother or siblings in the vehicle.

11. The Hospital will provide 7-day notice to the Court, the government, and Mr. Hinckley's counsel prior to each visit to Williamsburg.

12. The Hospital will provide 1-day notice to the Court, the government, and Mr. Hinckley's counsel prior to Mr. Hinckley taking part in any Hospital staff–accompanied outing.

13. Dr. Giorgi-Guarnieri will continue to serve as Mr. Hinckley's psychiatrist in the Williamsburg area. Mr. Hinckley will meet with Dr. Giorgi-Guarnieri weekly during his visits of 17 days. Additional visits may occur as clinically necessary. Dr. Giorgi-Guarnieri will monitor Mr. Hinckley for any signs of deterioration or decompensation in his mental condition and will be especially alert for anger, psychosis, depression, any ideas of elopement, endangerment to self or others, noncompliance with conditions of release, or rejection of the supervision provided to Mr. Hinckley by his responsible persons. If any such items are detected, she will telephone the Hospital. Dr. Giorgi-Guarnieri will continue to assess and monitor the risk factors identified in the Hospital's checklists, which she will complete and return to the Hospital after each visit, along with written feedback summarizing her contact with Mr. Hinckley. Dr. Giorgi-Guarnieri also will participate in post-visit telephone conference calls with the Hospital treatment team to discuss Mr. Hinckley's progress, and will participate by phone in the Hospital treatment team's Individual Recovery Plan meetings scheduled every two months for Mr. Hinckley. Dr. Giorgi-

Guarnieri will verify with Mr. Hinckley that he has been taking his medications as prescribed. If necessary, Dr. Giorgi-Guarnieri may prescribe medication for emergency psychiatric situations and may facilitate acute hospitalization for psychiatric emergencies.

14. The Court approves the substitution of Mr. Weiss, a licensed clinical social worker, for Mr. Beffa as case manager for Mr. Hinckley. Mr. Weiss will make recommendations to Mr. Hinckley and the Hospital for opportunities to increase Mr. Hinckley's socialization, enrichment, or mental health support in the Williamsburg community; these recommendations will be made after first-hand investigation of the appropriateness of Mr. Hinckley's participation in the activities in question and their relevance to the objectives of the visits. Mr. Weiss will monitor Mr. Hinckley's progress in his volunteer and daytime activities and communicate at least once per visit with the relevant supervisor. After each visit, Mr. Weiss will provide written feedback to the Hospital treatment team, summarizing any contact with Mr. Hinckley related to case management and recommendations.

15. Mr. Beffa will continue to serve as Mr. Hinckley's individual therapist in the Williamsburg area. Mr. Hinckley will meet at least once weekly with Mr. Beffa

for individual therapy sessions and at least once weekly for group therapy sessions during his visits to Williamsburg. After each visit, Mr. Beffa will provide written feedback to Mr. Hinckley's Hospital treatment team that will summarize his weekly contact with Mr. Hinckley.

16. Ms. Elizabeth Haley, a board-certified music therapist, will provide individual music therapy sessions during his conditional release visits. She will conduct at least one music therapy session during each visit, and will provide written feedback to the treatment team afterward. She will report to the Hospital any emergency issues that may be disclosed during the sessions. She also may communicate with Mr. Hinckley's music therapist at St. Elizabeths to promote continuity in this therapy.

17. Mr. Hinckley is to continue to carry a GPS enabled cell phone during all unsupervised activities.

18. The government shall notify the Court and hospital promptly if the data it obtains from the GPS tracking or from Secret Service surveillance yields any information of concern.

19. Mr. Hinckley and his mother will maintain telephone contact with the Hospital at least once a day during each visit.

20. Mr. Hinckley and his mother will stay at the Hinckley's residence and must be supervised by his mother or siblings while at the residence, unless he is participating in preapproved unsupervised activities.

21. Mr. Hinckley will be permitted to use the internet in his mother's home only under the constant supervision of his mother or siblings or with the use of technology or technologies that can both track his internet use and restrict it to the use of certain sites, such as ones that provide online courses. The use of the internet, what sites will be visited, and what goals will be met through that use will be determined in advance and provided in the Hospital's itinerary. If Mr. Hinckley's internet use is monitored through the use of tracking and restrictive technology, the Hospital treatment team must review his usage after every visit to determine that he has complied with the itinerary and his treatment plan. Any deviation from the usage will be considered a violation of Mr. Hinckley's conditions of release.

22. Mr. Hinckley, his mother and siblings will continue to adhere to the "Media Plan To Be Utilized for Patient While On Conditional Release" which provides that any effort to contact the media, either by Mr. Hinckley or by his mother, in person or by any other means while Mr. Hinckley is on

conditional release, will constitute a violation of this conditional release. If approached by the media, Mr. Hinckley and the members of his family will decline to speak with them, and if the media persists, Mr. Hinckley and the members of his family will withdraw.

23. If there are any negative incidents regarding the public or the media, Mrs. Hinckley will immediately return to her residence and call the Nursing Supervisor's Office at the Hospital. If so directed, they will return to the Hospital.

24. Before each visit, Mr. Hinckley will continue to receive an amount of medication from the pharmacy at the Hospital to cover the duration of the visit.

25. Mr. Hinckley's Saint Elizabeths Hospital treatment team shall remain Mr. Hinckley's primary treating clinicians.

26. After each visit, Mr. Hinckley's mother will provide the Hospital with a completed "Individualized Relapse Prevention Plan Feedback From Responsible Person Supervising Patient While On Conditional Release" form. Mr. Hinckley' siblings, if present for a visit, shall each complete an "Individualized Relapse Prevention Plan Feedback From Responsible Person Supervising Patient While On Conditional Release" form, and return it to the Hospital. The form can be faxed or otherwise transmitted to the Hospital if the sibling is not present when

Mr. Hinckley is returned to the Hospital after the visit. The treatment team will interview Mr. Hinckley's siblings, if present for a visit, either in person or by phone after the visit.

27. Mr. Hinckley will fill out the "Individualized Relapse Prevention Plan Feedback From Patient While On Condition Release" form.

28. The Hospital will write a detailed report following each visit and submit that report under seal to the Court, prior to the next visit. The report will be provided to both counsel for the defense and counsel for the government.

29. Should Mr. Hinckley fail to adhere to any of the conditions of release imposed on him by this Order, this conditional release will be terminated immediately.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 26, 2014

cc: The Clerk of the Criminal Division
United States District Court for the District of Columbia
3rd and Constitution Avenue, NW, Room 1225
Washington, DC 20001

Colleen Kennedy, Esq.
Assistant United States Attorney
Judiciary Center
555 4th Street, N.W., Room 10-451
Washington, DC 20530

Barry Wm. Levine, Esq.
Dickstein Shapiro LLC
1825 Eye Street, N.W.
Washington, D.C. 20006-5403

Deon C. Merene, Esq.
Deputy General Counsel
D.C. Department of Behavioral Health
Saint Elizabeths Hospital
1100 Alabama Ave, SE
Washington, DC 20032

Tonya Sapp, Esq.
General Counsel
D.C. Department of Employment Services
4058 Minnesota Avenue, NE
Suite 5800
Washington, DC 20019
202-671-1195 (voice)
202-724-7472 (eFax)