UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 81-306 (PLF) |
| v. | : | |
| | : | |
| JOHN W. HINCKLEY, JR. | : | |

**GOVERNMENT'S MOTION TO PERMIT MENTAL EXAMINATION AND REVIEW OF ALL RECORDS AND MATERIALS AT SAINT ELIZABETHS HOSPITAL CONCERNING MR. HINCKLEY BY GOVERNMENT EXPERT**

Comes now the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and respectfully requests that the Court enter an order permitting an examination of Mr. Hinckley by government expert, Mitchell Hugonnet, Ph.D., and allowing Dr. Hugonnet to bring and use audio recording devices and laptop computers and to review all records and material maintained at the Department of Behavioral Health in preparation for a hearing on defendant's motion for unconditional release.  In support of this request the government represents the following:

1.   On April 30, 2018, defendant orally moved for an unconditional release from his commitment pursuant to D.C. Code §24-501(k).

2.   On May 3, 2018, the Court issued a scheduling order, which requires government expert, Dr. Raymond Patterson, to submit his response to the Forensic Outpatient Department's (Dr. Benesh) risk assessment.

3.   The government has retained Dr. Patterson to examine Mr. Hinckley in order to render an opinion regarding Mr. Hinckley's present mental condition and whether or not he would pose a danger to himself or others if released under the conditions proposed by the Department of Behavioral Health. In order to do so, Dr. Patterson has indicated that he requires

updated psychological testing of Mr. Hinckley.

4. Per a progress note dated, June 27, 2018, the day after Mr. Hinckley met with Dr, Benesh for his risk assessment in Washington, D.C., (attached to the most recent status report from DBH), Mr. Hinckley reported his relief at not having to have participated in any testing during the risk assessment.

5. On July 31, 2018, after not receiving the DBH risk assessment, which was due on July 27, 2018, per the Court's scheduling order, the government contacted DBH and asked for a copy of the assessment.  DBH informed the government that it was not yet completed and indicated that they intended to submit the risk assessment following its presentation to the review board at the end of August.  As of this filing, the government still has not received the risk assessment from DBH, and therefore has not been able to confirm that no updated testing was conducted.  However, the government has no reason not to credit Mr. Hinckley's representations to his group.

6. Because the government's expert Dr. Patterson has indicated that updated testing is necessary for him to render his opinion, and because it appears such testing was not conducted as part of the DBH risk assessment, the government is requesting permission for Dr. Hugonnet to conduct a mental examination of Mr. Hinckley, conduct psychological testing, conduct collateral interviews and to review records and materials in possession of the Department of Behavioral Health concerning Mr. Hinckley

7. Dr. Hugonnet has already indicated that barring any further delays in the preceding deadlines set forth in the Court's May 3, 2018 scheduling order, he will be able to complete his evaluation, testing and report in accordance with the Court's timeline and in advance of the

December 10, 2018 hearing.[1]

8. Pursuant to the practice in this case, Dr. Hugonnet will bring audio recording devices and laptop computers for use during the evaluation.

9. Counsel for Mr. Hinckley was contacted regarding his position with respect to this motion but has not yet responded to the government.

Wherefore, the government respectfully requests that the Court sign the attached proposed order.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar Number 472845

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar No. 452403

/s/ *Kacie Weston*
KACIE WESTON
Assistant United States Attorney
MD Bar
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530
Kacie.Weston@usdoj.gov

---

[1] The government further notes that Dr. Patterson is nearing retirement and therefore may or may not be available should any future hearings be required in this case. Accordingly, the entry into the case of Dr. Hugonnet would allow for an additional expert to begin the lengthy process of becoming familiar with the history and records in Mr. Hinckley's case such that he would be immediately ready to proceed in any future hearing.